UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

LONNY S. BERNATH,

        Defendant.

FILED
CHARLOTTE, NC

MAR 8 2017

US District Court
Western District of NC

Civil Action No.
3:15-cv-00485

## FINAL JUDGMENT

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(1) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. § 80b-6(1)] by using any means or instrumentality of interstate commerce, or the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service

1

or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert orparticipation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)] by using any means or instrumentality of interstate commerce, or the mails, directly or indirectly, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated

thereunder [17 C.F.R. §206(4)-8], by using any means or instrumentality of interstate commerce, or the mails, directly or indirectly, to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative, including, while acting as an investment adviser to a pooled investment vehicle to:

(1) make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

(2) otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

# IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement in the amount of $5,556,941.26, plus prejudgment interest of $757,930.62.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Bernath shall pay a civil penalty in the amount of $7,500.00.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: 8 MARCH 2017

*Graham C. Mulle*
UNITED STATES DISTRICT JUDGE



# U.S. Securities and Exchange Commission

# Division of Enforcement

# Prejudgment Interest Report

| Quarter Range | Annual Rate | Period Rate | Quarter Interest | Principal+Interest |
|---|---|---|---|---|
| Violation Amount | | | | $5,556,941.26 |
| 02/01/2013-03/31/2013 | 3% | 0.48% | $26,947.36 | $5,583,888.62 |
| 04/01/2013-06/30/2013 | 3% | 0.75% | $41,764.43 | $5,625,653.05 |
| 07/01/2013-09/30/2013 | 3% | 0.76% | $42,539.18 | $5,668,192.23 |
| 10/01/2013-12/31/2013 | 3% | 0.76% | $42,860.85 | $5,711,053.08 |
| 01/01/2014-03/31/2014 | 3% | 0.74% | $42,246.15 | $5,753,299.23 |
| 04/01/2014-06/30/2014 | 3% | 0.75% | $43,031.53 | $5,796,330.76 |
| 07/01/2014-09/30/2014 | 3% | 0.76% | $43,829.79 | $5,840,160.55 |
| 10/01/2014-12/31/2014 | 3% | 0.76% | $44,161.21 | $5,884,321.76 |
| 01/01/2015-03/31/2015 | 3% | 0.74% | $43,527.86 | $5,927,849.62 |
| 04/01/2015-06/30/2015 | 3% | 0.75% | $44,337.07 | $5,972,186.69 |
| 07/01/2015-09/30/2015 | 3% | 0.76% | $45,159.55 | $6,017,346.24 |
| 10/01/2015-12/31/2015 | 3% | 0.76% | $45,501.03 | $6,062,847.27 |
| 01/01/2016-03/31/2016 | 3% | 0.75% | $45,222.88 | $6,108,070.15 |
| 04/01/2016-06/30/2016 | 4% | 0.99% | $60,746.93 | $6,168,817.08 |
| 07/01/2016-09/30/2016 | 4% | 1.01% | $62,025.26 | $6,230,842.34 |
| 10/01/2016-12/31/2016 | 4% | 1.01% | $62,648.91 | $6,293,491.25 |
| 01/01/2017-01/31/2017 | 4% | 0.34% | $21,380.63 | $6,314,871.88 |

| Prejudgment Violation Range | | | Quarter Interest Total | Prejudgment Total |
|---|---|---|---|---|
| 02/01/2013-01/31/2017 | | | $757,930.62 | $6,314,871.88 |